Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br>JAMES W. WASHBURN, III,<br>and<br>MARY C. WASHBURN,<br>Debtors. | In Proceedings Under Chapter 13<br>Case No. 2-09-BK-28014 PHX GBN<br>**TRUSTEE'S RECOMMENDATION**<br>(No hearing) |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

The Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

1. The Trustee requests a copy of the Debtors' state and federal income tax returns for 2009, to include all schedules, statements and w-2 forms.

2. The Trustee objects to the allowances on lines 47c and 48 c for Desert Schools on Form B22C. The Plan proposes to avoid the lien of this creditor and disallow the secured claim. The deduction is inappropriate. The Trustee requires that the Form be amended accordingly.

3. The Trustee requires written information regarding the current employment status of the co-debtor.

4. As notes above, the Plan provides to avoid the lien of Desert Schools FCU. The Order Confirming should state how the claim is to be treated. The Trustee presumes the claim will be paid as unsecured.

5. Capital One Auto Finance and Citibank have filed objections to the Plan. The attorney for the Debtor(s) must notify the Trustee in writing if the objections are resolved or, if they are unresolved, file the appropriate motions to get the Court to hold hearings on the objections. If

1   resolution of the objections changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

6. The proofs of claim filed by the Arizona Department of Revenue (#2-2)and HSBC Bank Nevada (#11) differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

7. Any Order confirming the Plan must comply with the provisions of the Trustee's Memorandum dated March 19, 1998 (copy enclosed or previously submitted to counsel). The tax years are 2010 and 2011. The time to submit a proposed Order to the Trustee is extended to 15 days after the conclusion of any objection to proof of claim or objection to confirmation.

8. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at http://www.maney13trustee.com/mcforms2.htm. The order confirming plan must be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(F) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2010 - 2011 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

**Plan payment status**: The Debtors' interim payments of $381.71 each are current through due date September 2, 2010. Subsequent payments are due each following month. The Trustee reminds the Debtors that they may access case information from the Trustee's office, such as plan payments received, by going to www.13datacenter.com. Then, under the Debtor section, click 'Click Here to get started' and follow the instructions. Also, a debtor may get email notification of docket events by filling out the Bankruptcy Court's Debtor Email Registration Form. The form is available on the Court's website at www.azb.uscourts.gov and then going to Forms and Publications.

SUMMARY

**Pursuant to Local Rule 2084-10, paragraph E.(2), the Debtors must provide the following by October 30, 2010 or the Trustee will lodge an order dismissing the case:**

(a) All information and documents as requested in Items #1, #2, #3, #5 and #6 above; and

(b) Pay to the Trustee the sum of 381.71.

- 3 -

**The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.** If the Debtors meet all requirements of the Recommendation and this case remains active, Debtors' counsel must submit to the Trustee for review and signature, a proposed stipulated Order Confirming the Plan, signed by all objecting parties, which incorporates the requirements of this Recommendation, no later than October 30, 2010. The Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(c), L.R.B.P., to begin running when all Recommendation conditions are met.

                                                               _____
                                                               Russell Brown
                                                               Chapter 13 Trustee

A copy of this document was
mailed on the date signed below to:

James and Mary Washburn
17420 N. 27th Street
Phoenix, AZ 85032
Debtor(s)


Kirk Trompeter
10801 N. 32nd Street, Suite 5
Phoenix, AZ 85028
Attorney for Debtor(s)




_____
*cherylturner@ch13bk.com*

- 4 -